Zelma Rose CASTAGNO, Plaintiff,

v.

OCCIDENTAL LIFE INSURANCE COMPANY OF RALEIGH, NORTH CAROLINA, Defendant.

No. C-167-56.

United States District Court

Utah, Central Division.

June 3, 1957.

**3.** See, 4 Moore, Federal Practice ¶33.20 (2d ed. 1950).

**2.** 2 Wigmore, Evidence, §§ 300–04, 375, 379 (3d ed. 1940).

Milton A. Oman and Herschel J. Saperstein, of Draper, Sandack, Draper & Oman, Salt Lake City, Utah, for plaintiff.

A. H. Nebeker and Albert R. Bowen, of Ray, Quinney & Nebeker, Salt Lake City, Utah, for defendant.

CHRISTENSON, District Judge.

The sole question for determination is the sufficiency of the evidence to support the verdict. The plaintiff sued as beneficiary of a life insurance policy issued by the defendant on the life of plaintiff's husband, who thereafter died as a result of a long-standing heart condition. The defense was claimed misrepresentations of the insured primarily in connection with his medical examination. The jury returned a verdict against the insurance company for the amount of the policy. Judgment on the verdict was duly entered.

The defendant has now moved that the judgment on the verdict be set aside and that judgment be entered in accordance with its motion for a directed verdict, which was made at the close of the evidence and ruling on which was reserved as authorized by Federal Rules Civil Procedure, rule 50(b), 28 U.S.C.A.

It is unnecessary to detail the evidence. It seems sufficient to note that the medical examiner for the insurance company, Dr. C. A. Nyvall, testified that information concerning the insured's medical history and health as contained in the medical examination report and which in material aspects was admittedly incorrect, was furnished to him by the insured under circumstances from which there could reasonably be inferred an intent to deceive.

If the doctor's testimony is to be accepted, it follows as a matter of law that plaintiff is not entitled to prevail. If the doctor's testimony reasonably could have been rejected by the jury, there was evidence of other circumstances from which the jury, perhaps, could have inferred that the misstatements contained in the medical examination report were the fault of the insurance company's representative rather than by reason of any intent on the part of the insured to deceive.

Plaintiff relies upon evidence that the insured, when this and a prior policy were applied for, disclosed his heart condition to the selling agent. She argues that from this disclosure the jury properly could have inferred the absence of an intent to deceive when the insured subsequently made his statements to the examining physician. Plaintiff seeks to sustain the judgment upon the contention that Dr. Nyvall's testimony, although not directly contradicted, was not binding upon the jury, the accuracy of his recollection and credibility being in issue. The defendant denies this, and points out that in addition to the doctor's testimony that he orally asked the vital questions of deceased to which false answers were given orally, it is established without question that the insured signed the report repeating such answers, that he had a copy in his possession for a substantial period prior to his death, and that he did not disaffirm the statements. The defendant further contends that any inference from the insured's prior disclosure to the selling agent was dissipated by the testimony of plaintiff herself that the selling agent, who arranged for the medical examination, told the insured to "get in and out of the doctor's office as soon as he could" and that she understood that he "was not to tell the examining doctor any more than he had to."

Despite a line of Pennsylvania cases upon which plaintiff places almost exclusive reliance, and the broad language in Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 64 S.Ct. 724, 88 L.

Ed. 967, rehearing denied 322 U.S. 767, 64 S.Ct. 941, 88 L.Ed. 1593, I am convinced that the authorities hereinafter cited sustain the defendant's position as a matter of law. Implicit in the respective authorities are these propositions:

 Disclosures to an insurance agent which the insured knows are to be withheld from his company do not furnish an excuse for non-disclosure to other agents. Mutual Life Insurance Co. of New York v. Hilton-Green, 241 U.S. 613, 36 S.Ct. 676, 60 L.Ed. 1202. Verdicts may not be permitted to rest upon mere conjecture and where proven facts give equal support to each of two inconsistent inferences, judgment as a matter of law must go against the party having the burden of proof. Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819. There is a presumption of intent to deceive from the knowing concealment of material facts unless such presumption is overthrown by substantial evidence. Zolintakis v. Equitable Life Assur. Soc. of United States, 10 Cir., 1938, 97 F.2d 583, see also Id., 10 Cir., 108 F.2d 902. The burden is upon the plaintiff to prove lack of an intent to deceive on the part of the insured. Utah Code Annotated 1953, 31–19–8. While statements to an examining physician are deemed made to an agent of the insurance company, the examiner's testimony with respect to their circumstances and the written report signed by the insured may be impeached only by circumstances having some logical tendency to do so. Bednarek v. Brotherhood of American Yeomen, 48 Utah 67, 157 P. 884. Under usual circumstances the uncontradicted testimony of a creditable witness may not be arbitrarily disregarded by the trier of the facts and only by reason of evidence which reasonably casts doubt upon such testimony is the rule otherwise, such impeaching circumstances not being shown here. Cottrell v. Grand Union Tea Co., 5 Utah 2d 187, 299 P.2d 622. See also annotation, "Right or duty of court to direct verdict where based upon testimony of party or interested witnesses," 72 A.L.R. 27.

Two other decisions of the Supreme Court of the State of Utah are most revealing. Chadwick v. Beneficial Life Ins. Co., 54 Utah 443, 181 P. 448; Id., 56 Utah 480, 191 P. 240. The first decision indicates the type of record which would permit conflicting inferences to be drawn by a jury. The decision resulting from the last appeal which involves facts indistinguishable in principle from those of the present case, in context with the first decision, seems conclusive against plaintiff's position.

No special circumstances similar to those involved in the first Chadwick case, Bednarek v. Brotherhood of American Yeomen, supra, and Cottrell v. Grand Union Tea Company, supra, throwing into question the medical examiner's testimony and the signed medical report, are indicated by the evidence. Apart from other circumstances it was just as reasonable to infer from the prior disclosures of the insured that both he and the sales agent intended to withhold knowledge of the heart condition from the company as to suppose that such intent was peculiar to the latter. If such inferences were of equal force, the plaintiff having the burden of proof, must fail.

 Other circumstances indisputably shown remove any semblance of conflict. In the last analysis, the prior disclosure to the selling agent, upon which plaintiff relies to negate an intent to deceive, is convincing that the insured at the time of the physical examination knew the materiality of the information then withheld. In view of this very fact, added significance is assumed by the testimony of plaintiff—herself an interested party clearly within the rule relied upon by her counsel in another connection—that the insured was advised by the insurance agent to disclose as little as possible to the medical examiner. It abundantly appears as a matter of law that he followed that advice to obtain a

policy of insurance to which he was not entitled.

The judgment on the verdict is hereby set aside and the clerk is directed to enter judgment in favor of the defendant and against the plaintiff, "no cause of action."